UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDY E. SWINSON,<br><br>                         Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; JANE DOE, NYCDOCCS MAILROOM OFFICER; JOHN DOE, NYCDOCCS MAILROOM OFFICER; JANE DOE, NYCDOCCS MAILROOM OFFICER, WARDEN, MDC,<br><br>                         Defendants. | 20-CV-2694 (CM)<br><br>ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION |

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff Randy E. Swinson, currently detained in the Manhattan Detention Complex, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

---

[1] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

Plaintiff submitted the complaint with a prisoner authorization and an incomplete IFP application. He submitted only the first page of the two-page IFP application, thereby failing to answer all of the required questions and sign the application as required. Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or complete, sign, and submit the attached two-page amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 20-CV-2694 (CM).[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: April 1, 2020
       New York, New York

                                                                               COLLEEN McMAHON
                                                                          Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files an action that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions IFP as a prisoner, unless he is under imminent danger of serious physical injury and he must pay the filing fees at the time of filing any new action.