UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDY E. SWINSON,

                          Plaintiff(s),

              -against-

CITY OF NEW YORK; JANE DOE,
NYCDOCCS MAILROOM OFFICER; JOHN
DOE, NYCDOCCS MAILROOM OFFICER;
JANE DOE, NYCDOCCS MAILROOM
OFFICER, WARDEN, MDC,

                          Defendant(s).

20-CV-2694 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, Chief United States District Judge:

Plaintiff, currently detained in the Manhattan Detention Complex, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights.[1] By

order dated July 24, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis*

(IFP).[2] For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Plaintiff filed this action with an incomplete request to proceed *in forma pauperis* (IFP).
By order dated April 1, 2020, Chief Judge McMahon directed Plaintiff to pay the filing fees or
submit a completed and signed amended IFP application. Plaintiff filed an amended IFP
application on May 4, and May 18, 2020. (ECF Nos. 5 and 6.)

[2] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Randy E. Swinson alleges that "on or around Feb. 4th, 2020," his "In-going and Out-going Regular & Legal Correspondence has not reach[ed] its destination." (ECF No. 2 at 4.) He alleges that he is not able to contact his attorney, and that his attorney is not able to contact him. Plaintiff asked one Jane Doe mailroom person about his mail, and she told him, "you'll get it when you get out." (*Id.*) He asserts that four employees assigned to the mailroom "directly participated in the wrong or knew about the wrong, failed to oversee or created a policy that allowed the wrong to occur." (*Id.*) Plaintiff asserts that he has "no access to the court or Family Court where I'm fighting a illegal judgement against me." (*Id.*). Plaintiff also asserts that his family can't contact him. Plaintiff seeks monetary damages.

**DISCUSSION**

**A.    Mail Interference Claims**

A prisoner's First Amendment rights encompass the right to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)).

Plaintiff's allegations concerning his mail implicates both an access-to-courts claim and a general mail tampering claim.

1.    Access-to-courts Claim

Prisoners have "a constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to

mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 420 U.S.

at 824-28). Protecting these rights "require[] prison authorities to assist inmates in the

preparation and filing of meaningful legal papers by providing prisoners with adequate law

libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d

88, 92–93 (2d Cir. 2004) (quoting *Bounds,* 420 U.S. at 821, 828). But assistance from prison

authorities is "only the means for ensuring a reasonably adequate opportunity to present claimed

violations of fundamental constitutional rights to the courts." *Lewis v. Casey,* 518 U.S. 343, 351

(1996) (internal quotation marks omitted).

Access to the courts does not require prison authorities to furnish inmates with unlimited

access to any and all resources that might support a prisoner in presenting his legal claim. *Id.* at

355. A claim that an individual's right of access to the courts has been denied may arise from the

frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access

claim) or from the loss or inadequate settlement of a meritorious suit that cannot now be tried

(backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing

that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual

injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v.

Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted); *see also Harbury*,

536 U.S. at 415. To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying

cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the

litigation caused by the defendant's actions. *See Harbury*, 546 U.S. at 415. A mere "delay in

being able to work on one's legal action or communicate with the courts does not rise to the level

of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995)

(citing *Jones v. Smith*, 784 F.2d 149, 151- 52 (2d Cir. 1986)).

Because Plaintiff does not describe any prejudice to an ongoing legal proceeding, his

allegations are insufficient to state a claim that his right to access the courts has been violated.

For example, Plaintiff does not detail the nature of his legal mail or the harm caused by

Defendants' alleged actions.

       2.        Mail-tampering Claim

Plaintiff alleges that his family was unable to contact him. To state a claim based on mail

tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of

censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the

prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at

351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional

violation." *Id.* at 351-52. But as few as two incidents of mail tampering may constitute a First

Amendment violation if indicative of "regular" and "unjustifiable" interference with a prisoner's

mail. *Id*. at 351; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege enough facts suggesting that Defendants interfered with his mail

in a manner that rises to the level of a constitutional violation because he does not state that

Defendants subjected him to regular and unjustifiable interference with his mail that affected his

ability to correspond with his family.

The Court therefore grants Plaintiff leave to amend his complaint to allege facts

suggesting that Defendants' actions violated his constitutional rights. Plaintiff must set forth all

facts concerning the legal mail that he was prevented from sending and the prejudice, if any, that

resulted from Defendants not sending that mail. Plaintiff must also allege facts demonstrating

that Defendants regularly and unjustifiably interfered with his ability to correspond with his family.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his access-to-courts and mail-tampering claims. First, Plaintiff must name as the defendants in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

    a)   give the names and titles of all relevant persons;

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2017, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2694 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time.

      If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    August 5, 2020
          New York, New York

                                                    _Louis L. Stanton_
                                                      Louis L. Stanton
                                                         U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Defendant 2:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Defendant 3:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Defendant 4:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____